UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN K. FINNEY,

    Plaintiff,

        vs.                          No. 3:16-cv-1677(VAB)(WIG)

JUDGE JAMES FARBER and
JUDGE MICHAEL WRIGHT,

    Defendants.
_____X

## RECOMMENDED RULING OF DISMISSAL

    Plaintiff John K. Finney brings this case against two New Jersey Superior Court judges in connection with custody proceedings regarding Plaintiff's minor daughter. The plaintiff has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [Doc. #2]. For the reasons that follow, the Court recommends that Plaintiff's motion be granted, but that his claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon his economic status. 28 U.S.C. §1915. Based upon review of Plaintiff's financial affidavit, the motion to proceed *in forma pauperis* should be granted.

    The second step of the review process requires the Court to determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

1

defendant who is immune from such relief." *Id.* (emphasis added). The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, by using this term as required, does not intend to diminish what the plaintiff experienced or its impact upon him.

When a plaintiff appears *pro se*, the complaint must be liberally construed in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This Court has held that "[t]he power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

Plaintiff has sued two New Jersey state court judges in connection with their roles in custody proceedings regarding his daughter. These claims cannot be sustained under the doctrine of judicial immunity. Absolute immunity is enjoyed by judges for all acts that are judicial in nature. *Forrester v. White*, 484 U.S. 219, 228-29 (1988). This immunity applies to judges in both an official and an individual capacity, *see Parmlee v. Conn. Dep't of Revenue Servs.*, No. 3:98-CV-2021 (AHN), 1999 WL 305476, at *3 (D. Conn. Apr. 13, 1999), and applies despite allegations of conspiracy or bad faith, *see Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987). Accordingly, the claims against both defendants should be dismissed.

In addition, to the extent any of Plaintiff's claims are not barred by judicial immunity, they should nonetheless be dismissed for failure to state a claim. "Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual

allegations to meet the standard of facial plausibility." *Wilson v. McKenna*, No. 3:12-CV-1581 (VLB), 2015 WL 1471908, at *4 (D. Conn. Mar. 31, 2015) (internal citation omitted).  Here, Plaintiff has not tied together facts and causes of action such that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the reasons set forth above, the Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This is a recommended ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling should be filed within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2).

SO ORDERED, this  2nd  day of February, 2017 at Bridgeport, Connecticut.

                                                    /s/ *William I. Garfinkel*
                                               WILLIAM I. GARFINKEL
                                               United States Magistrate Judge