UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN K. FINNEY,
    Plaintiff,
v.

CASE NO. 3:16-cv-1677(VAB)(WIG)

JUDGE JAMES FARBER and
JUDGE MICHAEL WRIGHT,
    Defendants.

**RULING ON PLAINTIFF'S MOTION TO AMEND**

John K. Finney ("Plaintiff") moves to amend the Complaint in this action in order to add additional defendants. The motion will be **DENIED** as the Court lacks jurisdiction over this case at this time.

Plaintiff filed this lawsuit *pro se* on October 10, 2016, alleging that the defendants—two judges in New Jersey Superior Court—had aided and abetted in "interstate parental kidnapping." Complaint, ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. The Court adopted Magistrate Judge Garfinkel's recommendation and dismissed the Complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Order Approving and Adopting Recommended Ruling and Dismissing the Case, ECF No. 12 (dismissing Complaint for failure to state a legally cognizable claim). Plaintiff subsequently filed a Notice of Appeal, ECF No. 15; and this Court denied leave to proceed with the appeal *in forma pauperis*. ECF No. 18. Following that denial, plaintiff sought leave to amend and add eleven new defendants in addition to the two individuals named in the original Complaint. *See* Mot. to Amend, ECF No. 21 at 3-4.

Generally, a Notice for Appeal may be filed after a district court issues a final judgment terminating the case. 28 U.S.C. § 1291 (2012). The filing of a Notice of Appeal is an "event of

1

jurisdictional significance," divesting the district court of jurisdiction until the Court of Appeals issues a mandate and remands the case. *U.S. v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (*quoting Grigg v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The purpose of this rule is "rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *Rodgers,* 101 F.3d at 251 (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). The Second Circuit has recognized only limited exceptions to this rule, such as in cases where an appeal is "plainly unauthorized," *Rodgers*, 101 F.3d at 252, or "frivolous." *Salerno*, 868 F.2d at 524 F.3d at 540; *see also Chien v. Skystar Bio Pharm. Co*., No. 3:07CV781 (MRK), 2008 WL 4198511 (D. Conn. 2008).

Mr. Finney has received a final order from this Court dismissing the Complaint in this case. He subsequently filed a Notice to Appeal, which is authorized under 28 U.S.C. § 1291. Therefore, this Court lacks jurisdiction to amend his Complaint at this time. The motion to amend is **DENIED**.

So Ordered this 15th day of September at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE